STATE OF NEBRASKA EX REL. NEBRASKA STATE BAR
ASSOCIATION, RELATOR, V. PATRICK J. CRAVEN, RESPONDENT.
532 N.W.2d 337

Filed June 2, 1995.   No. S-95-514.

WHITE, C.J., CAPORALE, LANPHIER, WRIGHT, and CONNOLLY,
JJ.

PER CURIAM.

Patrick J. Craven was admitted to the practice of law in
Nebraska on September 12, 1984.

On March 23, 1995, a nine-count complaint against Craven
was filed with the Nebraska State Bar Association's Committee
on Inquiry of the Fifth Disciplinary District.

Count I of the complaint charged that Craven received $300
to represent a client in a bankruptcy proceeding, that he never
filed a petition in bankruptcy for the client, and that he returned
to the client only half of the money paid him.

Count II of the complaint charged that Craven represented a
client in the Nebraska Court of Appeals, that Craven failed to
file a brief in that court although ordered by the court to do so,
and that as a result, the client's appeal was dismissed.

Count III of the complaint charged in substance that a female
client had employed Craven in June 1992 to file divorce
proceedings against her husband, that no filing was made until
December 1993, that a summons was issued, and that the court
records reflect no further action in the case until December 12,
1994, when the court ordered that cause be shown why the case
should not be dismissed. Allegedly the case was dismissed for
lack of prosecution on January 9, 1995.

Count IV of the complaint charged Craven with failing to file
an accounting for a guardian/conservator in the Lancaster
County Court although such accounting was ordered by the
judge.

Counts V through IX, inclusive, charged Craven with
violating certain Nebraska Supreme Court Rules of Discipline
which required him to respond to the charges in counts I
through IV. He was charged with failing to respond as required

by the disciplinary rules.

On May 18, 1995, Craven filed a voluntary surrender of his license to practice law in Nebraska. In surrendering his license, Craven admitted the basic facts alleged in the complaint filed against him and admitted that he had violated various sections of the Nebraska Supreme Court Rules of Discipline and the lawyers' Code of Professional Responsibility. He also admitted that he had violated his oath of office as an attorney.

In surrendering his license to practice law, Craven freely, knowingly, and voluntarily consented to the entry of an order of disbarment, and freely, knowingly, and voluntarily waived his right to notice, appearance, or hearing prior to the entry of such an order.

We accept Craven's surrender of his license to practice law in Nebraska and order him disbarred from the practice of law in the State of Nebraska, effective immediately. We further order Craven to comply with Neb. Ct. R. of Discipline 16 (rev. 1992), and upon his failure to do so, he shall be subject to punishment for contempt of this court.

JUDGMENT OF DISBARMENT.

FAHRNBRUCH, J., not participating.